UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
2017 JUN -1 PM 1:54

SIGN ___8C___
BY DEPUTY CLERK

Melissa Durham

**name of plaintiff(s)**

versus

AMIKids, Baton Rouge, Inc.

**name of defendant(s)**

CIVIL ACTION

NO. 17-cv-00343-JWD-RLB

## COMPLAINT

1. State the grounds for filing this case in Federal Court (include federal statutes and/or U. S. Constitutional provisions, if you know them):

   [ ]

2. Plaintiff, Melissa Durham resides at

   9145 S. Contour Dr. , Baton Rouge ,
   **street address**                    **city**

   East Baton Rouge , LA , 70809  225-719-0984
   **parish**           **state** **zip code** **telephone number**

   (if more than one plaintiff, provide the same information for each plaintiff below)

   [ ]

3. Defendant, AMIKids, Inc. lives at, or

   its business is located at 5555 Beechwood Dr. ,
                              **street address**

   Baton Rouge , East Baton Rouge , LA ,
   **city**       **parish**          **state**

   70805 , 225-356-3461 .
   **zip code**  **telephone number**

(if more than one defendant, provide the same information for each defendant below)

4. Statement of claim ( State as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Be as specific as possible. You may use additional paper if necessary):

See attached sheet.  This form limits typing character and claims need to be clearly stated.

5. Prayers for Relief (list what you want the Court to do):

a. for a certified copy of this petition be served to defendents

b. reinstate her position

c. front and back pay

d. loss of benefits

I (we) hereby certify under penalty of perjury that the above petition is true to the best of my (our) information, knowledge, and belief.

Signed this 31 day of May , 20 17

M. Durham
Melissa Durham, pro se
9145 S. Contour Dr
Baton Rouge, LA 70809
(signature of plaintiff (s))

Durham has been denied equal pay for duties she performed as a highly qualified and certified teacher with over 5 years teaching experienced. Durham has equal or more knowledge required for teaching at AMI. She brought hundreds of hours of professional development training and years of valuable experience to her position and classroom. Newly hired male teachers with very limited training, classroom experience and certification were paid equal to or more than her.

Durham was hired as a 6-12th grade Science Teacher with a pay rate of $42000 for a ten month school year but paid over a 12 month period. Her biweekly paycheck reflected the $700 difference over 10 to 12 months. She has not received any difference in 10/12 month pay. AMIKids employed J. Jones, Math Teacher, and W. Atterbury, Math Teacher, for 6-12th grade classroom instruction with a pay rate equal to or more than Durham for a ten month school year. They were paid for 12 months. Despite the similarities in their assigned teaching duties, work load, and working conditions, J. Jones and W. Atterbury's starting pay was equal to or more than Durham's starting salary without being certified or highly qualified to teach subject matter. Neither had or has certificated teaching credential with Louisiana Department of Education. (Exhibits A-A.7)

M. Young, Physical Education Teacher, A. Jackson, Inclusion Teacher, and M. Hooks, Vocational Teacher, are similarly skilled male classroom teachers as Durham, but paid a higher rate. These men were paid over a 12 month period for being a 10 month employee. These males were paid at a higher hourly rate than Durham if salaries were broken down to an hourly rate.

Durham claims the pay between male and female educators was not equal and favored male educator employees. T. Lockhart was a new hire female teacher and was paid $2000 less than newly hired male teachers in similar situations. Female educator, D. Crosby, was not paid equal to males in similar situations within the AMI Corporation or Baton Rouge male educators assigned to the same working conditions and students.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

Civ. Case-

## COMPLAINT

**MELISSA DURHAM, Plaintiff,**

**VERSUS**

**AMIKIDS, INC., Defendant**

Plaintiff, Melissa Durham, as and for her complaint, respectfully represents:

## INTRODUCTION

**1.**

This case is filed in Federal Court because it is a civil matter. It is believed AMIKids, Inc. has violated the rights of Melissa Durham under the Fair Labor Standards Act of 1938, Equal Pay Act of 1963, Lilly Ledbetter Fair Pay Act of 2009, Louisiana Rev. Stat. Ann. 23:661, *et seq.*, and 23:301, *et seq.*, for cause of action.

**2.**

Plaintiff, Melissa Durham, resides at 9145 S. Contour Dr., Baton Rouge, LA 70809, East Baton Rouge Parish, and 225-719-0984.

**3.**

Defendant, AMIKids, Inc., is located at 5555 Beechwood Dr., Baton Rouge, LA 70805, East Baton Rouge Parish, 225-356-3461.

**4.**

AMIKids, Inc. has willfully violated laws against former employee, Melissa Durham, over the past school year establishing a pattern of prejudice in wage payment at the Baton Rouge location. This discriminatory practice is all in violation of the Equal Pay Act. By denying, Durham equal remuneration as paid to less qualified male and black employees performing the same duties has placed AMIKids in direct violation of the Equal Pact Act and Lilly Ledbetter Fair Pay Act.

**5.**

Durham has been denied equal pay for duties she performed as a highly qualified and certified teacher that required equal knowledge, responsibility, effort, and skill as males performing the exact same duties and in the exact same working conditions. AMIKids intentionally sought to avoid paying her higher rate of pay based on gender and race on the basis of comparison. She was paid equal to or less than other classroom teachers with fewer qualifications and required skills.

**6.**

AMIKids employed Durham as a 6-12th grade Science Teacher with a pay rate of $42000 for a ten month school year. AMIKids employed J. Jones, Math Teacher, and W. Atterbury, Math Teacher, for 6-12th grade classroom instruction with a pay rate equal to or more than Durham for a ten month school year. Despite the similarities in their assigned teaching duties, work load, and working conditions, J. Jones and W. Atterbury's starting pay was equal to or more than Durham's starting salary without being certified or highly qualified to teach subject matter. (Exhibits A)

M. Young, Physical Education Teacher, A. Jackson, Inclusion Teacher, and M. Hooks, Vocational Teacher, are similarly skilled male classroom teachers as Durham, but paid a higher rate. Durham claims the pay between male and female educators is not equal and favored male educator employees. T. Lockhart was a new hire female teacher and was paid $2000 less than newly hired male teachers in similar situations. Female educator, D. Crosby, was not paid equal to males in similar situations within the AMI Corporation or Baton Rouge male educators assigned to the same working conditions and students. Both of these female employees were similarly situated as J. Jackson and W. Atterbury, yet paid less.

**7.**

Due to her opposition of the violations, AMIKids retaliated against her by offering "Confidential Separation Agreement," denying opportunities to display teacher leader responsibilities, trainings, and promotions. Further, she was threatened with job security if she continued to address awareness of the discriminatory practices. Additionally, she was reprimanded for

performance errors and insubordination she was not responsible for, nor committed. The unfounded disciplinary actions, write-ups with further harassment, discrimination and retaliation increased after filing grievances in Human Resource. AMIKids has, furthermore, engaged in unfounded accusations and criticisms, as well as, undermining, discounting, and dismissing Durham's accomplishments and working contributions in front of colleagues.

**8.**

AMIKids acted deliberately with reckless indifference to Durham's federally protected and state protected rights. The actions and inactions alleged herein by AMIKids were sudden and unexpected, extreme and outrageous and caused Durham's abrupt separation. The actions and inactions alleged herein by AMIKids also constituted intentional infliction of adverse situation within the meaning and intent of the laws.

**9.**

Per AMIKids employee handbook, Durham contacted and followed procedures stated in the "Open Door Problem Resolution and Reporting." AMIKids "Progressive Disciple Guidlelines" were not implemented and/or enforced with Durham because of her complaint. AMIKids was aware of pay discrepancies and failed to correct the issue is sufficient to establish willfulness of discriminatory actions. Thusly, AMIKids did not provide reasoning for the "Confidential Separation Agreement," and they do not have a company policy for reporting Equal Pay Rights.

Despite Durham's attempt to resolve these issues through administration channels with AMIKids and has repeatedly sought amicable resolution and mediation rather than ligation, these efforts were futile.

**10.**

Plaintiff prays that a certified copy of this Petition, together with citation to answer same, be served upon the Defendants and after all legal delays and due proceeding are had, that judgment be rendered in favor of Plaintiff, Melissa Durham, and against AMIKids for all damages reasonable in the premises, together with legal interest from the date of judicial demand until paid.

Plaintiff further prays AMIKids is ordered to reinstate her teaching position in Baton Rouge, to pay loss of back pay, to pay loss of front pay, to reimburse all loss of benefits including in back pay and front pay, cost including expert witness fees, for prejudgment interest, and for all general and equitable relief.

**11.**

Plaintiff, Melissa Durham, is entitled to and desires trial by jury of this matter.

**I hereby certify under penalty of perjury that the above petition is true to the best of my information, knowledge, and belief.**

**Signed this** ____1st____ **day of** ____June____, 2017

____M. Durham____

**Melissa Durham, pro se**

**9145 S. Contour Dr.**

**Baton Rouge, LA 70809**