UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELISSA DURHAM                                    CIVIL ACTION

VERSUS

                                                        NO. 17-343-JWD-RLB

AMIKIDS BATON ROUGE, INC.

**ORDER**

      Before the Court is Plaintiff's Motion to Compel Defendant to Produce Documents (R. Doc. 51) filed on May 21, 2018. The motion is opposed. (R. Doc. 52).

      Also before the Court is Plaintiff's Motion for Leave to Extend Discovery (R. Doc. 53) filed on June 15, 2018. The motion is opposed. (R. Doc. 54).

**I.      Background**

      Plaintiff, who is proceeding *pro se*, commenced this employment discrimination action on June 1, 2017. (R. Doc. 1). Plaintiff filed an Amended Complaint on August 24, 2017. (R. Doc. 29). In her Amended Complaint, Plaintiff alleges that the defendants have violated the Equal Pay Act and Fair Labor Standards Act by denying Plaintiff "equal remuneration as paid to less qualified male and black employees performing the same duties" at the school run by the defendants "over the past school year." (R. Doc. 29 at 2). Plaintiff further alleges that she was retaliated against through the offer of a confidential separation agreement. (R. Doc. 29 at 4). Among other things, Plaintiff seeks reinstatement of her teaching position, and reimbursement of lost pay and benefits. (R. Doc. 29 at 6).

      On August 29, 2017, the Court issued a Scheduling Order setting various deadlines in this action, including the deadline to complete non-expert discovery by February 20, 2018, the

deadline to file dispositive motions by April 19, 2018, and for trial to commence on October 22, 2018. (R. Doc. 31).

On January 12, 2018, AMIKids, Inc. filed an unopposed motion to extend certain deadlines. (R. Doc. 45).

On February 8, 2018, the Court granted the foregoing motion in part, resetting the deadline to complete non-expert discovery to May 21, 2018, the deadline to file dispositive motions to July 19, 2018, and trial to commence on February 26, 2019. (R. Doc. 46). The Court provided the foregoing extensions to avoid prejudice to the parties in light of the lack of discovery conducted prior to the extension. (R. Doc. 46 at 3-4). The Court specifically informed the parties that it would "not further modify the deadlines in this action without a specific showing of good cause." (R. Doc. 46 at 4).

On April 9, 2018, Plaintiff filed a Motion for Subpoena Duces Tecum (R. Doc. 48). Plaintiff submitted a completed, but unsigned subpoena, directing "Dee Thomas, Business Manager or Current Executive Director" to produce certain employee records in Baton Rouge, Louisiana on or before the non-expert discovery deadline of May 21, 2018. (R. Doc. 48-1). The Court granted the motion in part, ordering the Clerk's Office to issue a signed, but otherwise blank, subpoena to Plaintiff in accordance with Rule 45(a)(3) of the Federal Rules of Civil Procedure. (R. Doc. 49).

On April 25, 2018, Plaintiff served a Rule 45 subpoena on AMIKids, Inc. seeking the production of the following: "(1) Documents from 2012 to present on all employees hired in BR, using EIN[,] gender and reason for separation[,] (2) all contracts to support males paid more than female[s][, and] (3) all written, electronic documents about Plaintiff, and [4] all documents

Defendants will present at trial." (R. Doc. 52-1 at 1).[1] Plaintiff also served a copy of her Motion for Subpoena Duces Tecum, which identifies the following documents sought: "(1) Documents from 2012 to present on all employees hired in Baton Rouge, using only their Employee Identification Number, gender, and reason for separation[;] (2) Any and all . . . specific contracts to support paying males more than females from the National Office[;] (3) Any and all other non-privileged, non-immune written or electronic documents referring to, mentioning, documenting, or reflecting Plaintiff conduct and concerns[;] (4) Any and all documents about 10 month teacher employees separation date, last paycheck, and deferred salary payment amount [; and] [5] All documents Defendants will present at trial." (R. Doc. 52-1 at 3).

On May 9, 2018, AMIKids, Inc. provided Plaintiff with its objections to the subpoena. (R. Doc. 51-1 at 5-9). AMKids, Inc. objected to producing the documents sought in the subpoena (and attached motion) on various grounds, including the improper use of a subpoena as a device for obtaining discovery from a party, the untimeliness of the subpoena in light of the discovery deadline, over breadth, disproportionality, and privilege. (R. Doc. 51-1).

On May 21, 2018, Plaintiff filed her Motion to Compel, which seeks "an order compelling Defendant to produce information and other documents." (R. Doc. 51 at 1). In an attached "Certificate of Compliance," Plaintiff asserts that she "served a [subpoena] for documents" on the defendants on April 25, 2018 "that could support the claims that male employees were paid unequally to female employees." (R. Doc. 51 at 2). Plaintiff further asserts that the defendants "objected to almost every request Plaintiff requested." (R. Doc. 51 at 2).

---

[1] Plaintiff filed into the record a version of this subpoena directed to "Dee Thomas, Business Manager or Current Executive Director" indicating that the "'To:' section was white outted [sic] and 'AMIKids, Inc.' was written in. Copy of the changes not attached." (R. Doc. 50). In support of her motion to reopen discovery, Plaintiff appears to represent that the subpoena she served on AMIKids, Inc. was really directed to the non-party Dee Thomas or the Current Executive Director, and that someone other than herself (or her service processer) manipulated the name on the subpoena. (R. Doc. 53 at n.1). To the extent Plaintiff is arguing that the subpoena was not directed at AMIKids, Inc., then it is unclear why she has directed the instant motion to compel at the defendants, and not the third-party Dee Thomas. At any rate, the record indicates that the subpoena was served on AMIKids, Inc.

Plaintiff further suggests that she requested the documents to be produced "after the end of the school year" to alleviate any burden on the defendants, which operate a school. (R. Doc. 51 at 2-3).

Defendants oppose the motion for the same reasons identified in their objections to the subpoena, and also due to Plaintiff's failure to address those objections in the motion. (R. Doc. 52).

On June 15, 2018, Plaintiff filed her Motion for Leave to Extend Discovery. (R. Doc. 53). It appears that Plaintiff is representing that since the filing of her Motion to Compel, she has "simplified" the scope of documents sought from Defendants, and is now requesting that discovery be reopened so that she can obtain "copies of processed pay check stubs" from the Defendants' bank, as well as a copy of "her personnel file" from the Defendants. (R. Doc. 53 at 2). Plaintiff submits copies of two subpoenas as attachments to her motion: (1) one is directed at "Authorized Banker at American Gateway Bank" and seeks "Employee paycheck stubs for the months of January-April of 2016 and January-April 2017 and January-April 2018"; the (2) the other, which does not identify the intended recipient, seeks a "Spreadsheet with all employee salaries for 2016-present, all employee contracts for 2015 to 2018, all written and electronic documents about Plaintiff, and all employee separations with explanations from 2015 to present." (R. Doc. 53-1 at 1-4).[2]

Defendants oppose this motion on the basis that it is untimely and Plaintiff has not established good cause to reopen discovery. (R. Doc. 54).

---

[2] Both of these subponeas are facially deficient as they seek production on June 15, 2018. It is unclear whether Plaintiff has attempted to serve these subpoenas.

**II.     Law and Analysis**

    **A.     Plaintiff's Motion to Compel Defendant to Produce Documents (R. Doc. 51)**

The Court generally agrees with Defendants that the appropriate mechanism for obtaining documents from a party is Rule 34, which provides for the discovery of documents and tangible items from a party, and not Rule 45, which governs the issuance of subpoenas to obtain discovery. This Court has acknowledged, however, that Rule 45 subpoenas are "not technically precluded by the language of Rule 45 from being served upon parties to litigation." *Thomas v. IEM, Inc.*, No. 06-886, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008). Where a party uses Rule 45 as a mechanism for obtaining documents from another party, however, it may not be used in a manner that provides "an end-run around the regular discovery process under Rules 26 and 34," particularly with respect to the time to comply. *Id*.

The Court's Amended Scheduling Order established May 21, 2018 as the deadline for "**completing** all discovery." (R. Doc. 46 at 4) (emphasis in original). Rule 34(b)(2) of the Federal Rules of Civil Procedure allows a party 30 days from service to respond to requests for the production of documents. Local Rule 26(d)(2) provides that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline" and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." Accordingly, a request for discovery from a party "must be served at least thirty days prior to the completion of discovery" to be considered timely. *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (citing *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104, 105 (S.D. Miss. 1990) (finding that "in order to meet the discovery deadline, Plaintiff should have filed his interrogatories at least 30 days before the discovery cutoff")); *see also Thomas v. IEM, Inc.*, No. 06-886, 2008 WL 695230,

at *2 (M.D. La. Mar. 12, 2008) (document requests were untimely as the date for responding "would have fallen outside the [January 15] discovery deadline (*i.e.*, thirty days from service of the Rule 34 request, or January 23, 2008)"); *Hall v. State of Louisiana*, No. 12-657, 2014 WL at 2560715, at *1 (M.D. La. June 6, 2014) (discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests).

This Court has also expressly held that a subpoena served before the discovery deadline is nevertheless untimely if the date of compliance is beyond the discovery deadline. *See*, *e.g.*, *Sandifer v. Hoyt Archery, Inc.*, No. 12-322, 2015 WL 3465923, at *2 (M.D. La. June 1, 2015) ("Although it was served 4 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the March 31, 2015 deadline."); *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 6474355, at *3 (M.D. La. Nov. 19, 2014) ("Although it was served 6 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the September 2, 2014 deadline."). As stated above, a Rule 45 subpoena cannot be used to shorten the 30-day deadline to respond to discovery requests provided to a party. *See Thomas,* 2008 WL 695230, at *2; *Pearson v. Trinity Yachts, Inc.*, No. 10-2813, 2011 WL 1884730, at *1 (E.D. La. May 18, 2011) ("[S]ervice on a named party in a lawsuit of a subpoena duces tecum that provides short notice circumvents the orderly procedures for requests for production of documents *between parties* provided by Federal Rule of Civil Procedure 34.").

The subpoena at issue here was served on AMIKids, Inc. on April 25, 2018, and sought the production of documents on May 30, 2018. (R. Doc. 52-1 at 1). This discovery request is therefore untimely because (1) it was served less than 30 days from the close of discovery, and (2) it sought the production of documents after the close of discovery. While not obligated to do

so, AMIKids, Inc. provided objections, including objections based on untimeliness, on May 9, 2018. (R. Doc. 51-1). Plaintiff then waited until May 21, 2018, the deadline to complete non-expert discovery, to file the instant motion. Plaintiff does not identify when she conferred in "good faith" with Defendants regarding the instant discovery dispute. Given the foregoing, the Court will deny the instant motion to compel on the basis that the underlying discovery request made pursuant to a Rule 45 subpoena was untimely.

In addition, the Court will deny the motion on the basis that Plaintiff has not addressed any of AMIKid's substantive objections to the scope of documents sought. The scope of the documents sought in the actual subpoena – six years of documents regarding all employees hired in Baton Rouge without limitation; "all contracts" that support Plaintiff's theory that the defendants pay males more than females; all documents pertaining to Plaintiff without limitation; and all documents to be presented at trial – are facially overly broad and disproportionate to the needs of this case. The somewhat more defined categories in the attached motion create more confusion than clarity with regard to the actual documents sought.

### B. Plaintiff's Motion for Leave to Extend Discovery (R. Doc. 53)

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to

cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Furthermore, the Scheduling Order provides the following: "Extensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery. Further, a motion to extend any deadline set by this Order must be filed before its expiration." (R. Doc. 31 at 3).

On June 15, 2018, Plaintiff filed her motion seeking an extension of the deadline to complete non-expert discovery by 45 days. It appears that Plaintiff seeks this extension for the purpose of obtaining the pay check stubs and her personnel file as detailed in the subpoenas submitted with her motion. Plaintiff does not explain why she waited over three weeks after the close of non-expert discovery to seek this extension. Accordingly, the motion is untimely. *See* Local Rule 26(d)(1) ("Absent exceptional circumstances, no motions relating to discovery . . . shall be filed after the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct occurring during the final seven days of discovery."

Plaintiff has also not established good cause for reopening the discovery deadlines. Plaintiff commenced this action on June 1, 2017. The Court previously extended the non-expert discovery deadline from February 20, 2018 to May 21, 2018, specifically noting that no further extensions would be provided without a specific showing of good cause. Plaintiff does not explain why she did not timely seek discovery in this action prior to the Court's extended deadline to do so. On April 11, 2018 (more than 30 days from the close of non-expert discovery), the Court specifically informed Plaintiff that she could "seek production of documents from the named Defendants pursuant to Rule 34." (R. Doc. 49 at 1 n.1). As discussed

above, Plaintiff did not timely serve any Rule 34 requests for production, or any other discovery requests, on Defendants. The deadlines to conduct all discovery and to file any dispositive motions have expired.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel Defendant to Produce Documents (R. Doc. 51) and Plaintiff's Motion for Leave to Extend Discovery (R. Doc. 53) are **DENIED**.

Signed in Baton Rouge, Louisiana, on August 26, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**