**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MELISSA DURHAM

VERSUS

AMIKIDS, INC. ET AL.

CIVIL ACTION

NO. 17-343-JWD-RLB

RULING AND ORDER

This matter is before the Court on pro se Plaintiff, Melissa Durham's *Memorandum of Law in support for Plaintiff's Motion to Reopen and Reconsideration* ("*Motion to Reconsider*") along with the *Memorandum of Support with Evidence for Motion to Reopen*. (Docs. 80, 83.) Oral argument is not necessary. The Court has considered the arguments raised by Plaintiff, the facts, and the applicable law and for the reasons below denies the *Motion to Reconsider*.

PROCEDURAL HISTORY

Ms. Durham filed this case on June 1, 2017, alleging that she and other female teachers at a school in Baton Rouge, Louisiana, were paid less than similarly situated men in violation of the Fair Labor Standards Act ("FLSA") and Equal Pay Act of 1963 ("EPA"). She also claims that the defendants retaliated against her when she inquired about and voiced opposition to the violations. (Doc. 29 at 4-5.) She sued AMIKids Baton Rouge, Inc.; AMIKids Baton Rouge; and AMIKids, Inc. ("Defendants"). (*Id.* at 1-2.) AMIKids Baton Rouge, Inc. is an alternative school in Baton Rouge, Louisiana. (Doc. 55-4 at 20.) AMIKids, Inc., headquartered in Tampa, Florida, is associated with and provides support to AMIKids schools throughout the country. (*See* Doc. 35 at 2.)

In a Ruling and Order issued January 11, 2019, the Court granted summary judgment to Defendants and dismissed with prejudice all claims brought by Ms. Durham. (Doc. 76.) In granting summary judgment the Court concluded that Ms. Durham (1) failed to establish a prima

1

facie case of wage discrimination under the EPA; (2) failed to establish a prima facie retaliation claim under the FLSA; (3) presented no evidence beyond her own speculation that Defendants' proffered justifications for wage differences were a pretext for discrimination; and (4) submitted no evidence beyond her own speculation of a causal link between her termination and any prior complaints regarding her salary. (Doc. 76 at 12-15.)

Ms. Durham filed the *Motion to Reconsider* on January 22, 2019 and the *Memorandum of Support with Evidence for Motion to Reopen* filed on February 11, 2019.

## DISCUSSION

a. *Present Motion*

Plaintiff timely filed the *Motion to Reconsider*. (Doc. 80.) In the *Motion to Reconsider*, Plaintiff asks the Court to consider the testimony of Shirley Tony and Connie Mitchell as well as a new affidavit from Tronceia Lockhart regarding unequal pay. (Doc. 80 at 7.) Plaintiff also cites the 2018 Fourth Circuit case of *U.S. Equal Employment Opportunity Commission v. Maryland Insurance Administration*, 879 F.3d 114 (4th Cir. 2018), and asks the Court to consider the Fourth Circuit's reasoning.

b. *Applicable Standard*

Strangely enough, the Rules do not formally recognize the existence of motions for reconsideration. *E.g., Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Lavespere v. Niagra Mach & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Despite this dearth, courts customarily consider such motions under either Rule 60(b) or Rule 59(e). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *accord Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Actually, any "postjudgment motion [is] ... considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v.*

*Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982)). In accordance with binding precedent, a motion for reconsideration is to be granted if any one of four circumstances is shown.

Two bases are most often invoked. Reconsideration should take place if a court (1) is presented with newly discovered evidence or (2) has committed clear error. *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063 n.1 (9th Cir. 2005) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) ("[A] motion [for reconsideration] is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). As a general matter, therefore, when a court is asked to review its own grant of a motion for summary judgment, reconsideration cannot be had under either Rule 59 or Rule 60 if a plaintiff bore the burden of proof "to demonstrate the existence of a genuine issue of material fact concerning this essential element" and failed to present evidence, then extant, that would have so shown. *See Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x. 1, 8 (5th Cir. 2009); *cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). In other words, "[a]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847–48 (5th Cir. 2006) (quoting *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

Beyond this familiar duo, other grounds have been recognized. Hence, (3) if the initial decision was manifestly unjust, reconsideration is merited. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Lastly, (4) change in controlling law can justify an order's modification. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Other "highly unusual circumstances" may do as well. *Sch. Dist. No. 1J*, 5 F.3d at 1263. Any such further inquiry must account for the fact that a motion for reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *see also ICEE Distribs., Inc.*, 445 F.3d at 847–48; *cf. Messinger v. Anderson*, 225 U.S. 436, 444 (1912) (observing that "the practice of courts [is] generally to refuse to reopen what has been decided").

In utilizing this test, courts have repeatedly deemed invalid a number of different grounds often advanced. Such motions may not be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000); *see also, e.g., Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473–74 (5th Cir. 1989) (commentating that Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" (internal quotation marks omitted) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982) *aff'd*, 735 F.2d 1367 (7th Cir. 1984))). Old arguments cannot be reconfigured, robed anew. *Resolution Tr. Corp. v. Holmes*, 846 F. Supp. 1310, 1316, 1316 n. 18 (S.D. Tex. 1994) (collecting cases). An "unhappy litigant" cannot enjoy "one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

4

"Rule 59(e) requires something new and decisive, some blatant injustice, or an obvious error, not substantively identical assertions reechoed." *United States ex rel. Carter v. Bridgepoint Educ., Inc.*, No. 10-CV-01401-JLS (WVG), 2015 U.S. Dist. LEXIS 26423, at *16–17 (S.D. Cal. Feb. 20, 2015) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003); *Bahrs v. Hughes Aircraft Co.*, 795 F. Supp. 965, 965 (D. Ariz. 1992); *cf. Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) ("The law of the case will be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated." (internal quotation marks omitted))). Essentially, as case after case evidences, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled," *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (relying on *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004), *and Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)), or to "repackage familiar arguments to test whether the Court will change its mind," *Brogdon*, 103 F. Supp. 2d at 1338. It remains, and has always been, a very "limited vehicle." *Petrossian v. Collins*, 523 F. App'x. 861, 864 (3d Cir. 2013) (citing to *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

    c. Application

Plaintiff's first argument, that the Court should consider the testimony of the other female employees, fails as Plaintiff has not shown that this evidence is newly discovered and could not have reasonably been raised earlier in the litigation. Further, even if the Court were to consider the additional evidence raised by Plaintiff, summary judgment is still appropriate because Plaintiff has not made out a *prima facie* case of wage discrimination under the EPA. The Court granted summary judgment on the wage discrimination claim under the EPA after finding that

5

Durham failed to present evidence that she was paid less than any other male employee of "equal skill, effort, and responsibility under similar working conditions." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). Testimony from other female employees could conceivably go to whether pretext existed but does not change the Court's analysis of whether Plaintiff stated a *prima facie* claim.

Plaintiff's arguments regarding the Fourth Circuit's decision in *U.S. Equal Employment Opportunity Commission v. Maryland Insurance Administration*, are likewise unpersuasive. *U.S. Equal Employment Opportunity Commission v. Maryland Insurance Administration* was issued prior to the Court's decision in this case and is non precedential authority. Plaintiff has not shown a controlling change in law that would justify reconsideration of the Court's prior decision.

## CONCLUSION

Accordingly,

IT IS ORDERED that the *Memorandum of Law in Support for Plaintiff's Motion to Reopen and Reconsideration* (Doc. 80) along with the *Memorandum of Support with Evidence for Motion to Reopen* (Doc. 83) are DENIED.

Signed in Baton Rouge, Louisiana, on June 30, 2020.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**